854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RAGU FOODS, INC., Appellant,
v.
PIZZA KWIK LIMITED, INC., Appellee
 No. 88-1235.
 United States Court of Appeals, Federal Circuit.
 July 27, 1988.
 
 Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, MAYER, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the December 7, 1987 decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (board) dismissing the opposition, No. 73,005, of Ragu Foods, Inc. (appellant) to the registration by Pizza Kwik Limited, Inc. (appellee) of its design and mark, encompassing the words PIZZA KWIK, for restaurant services featuring home pizza delivery, application No. 499, 682. We affirm.
 
 OPINION
 
 2
 Appellant opposed registration on the basis of its own registered mark, PIZZA QUICK, used for pizza sauce, toppings and crust mix, registration No. 1,322,448, issued February 26, 1985, asserting that appellee's mark would be likely to cause confusion because of the identical sound of the words used in the two marks, and the similarity in end uses--pizza consumers.
 
 
 3
 The question of likelihood of confusion is, contrary to appellee's suggestion, one of law. Sweats Fashion, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1565, 4 USPQ2d 1793, 1797 (Fed.Cir.1987), and cases cited therein. As appellee suggests, however, there are factual considerations. In re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). In our review of the arguments and the record below, we have found no reason to disagree with the board's findings or conclusions. The channels of trade differ markedly, and the evidence suggested that appellant's own market studies did not consider the home pizza delivery market as competition for its products. In addition, we agree with the board's conclusion that, while the spoken words are identical, appellant's and appellee's marks have different connotations, especially in light of appellee's disclaimer of the words PIZZA KWIK apart from the mark.
 
 
 4
 Appellant's evidence of substantial advertising for its mark and slogans including its mark do not lead us, as it did not lead the board, to conclude that consumers familiar with appellant's mark would naturally confuse PIZZA QUICK with appellee's service. While the marks sound the same, in their entirety, the similarity diminishes greatly. The other relevant factors to consider under the DuPont analysis also do not lead us to conclude that confusion is likely. For instance, there was no showing of actual confusion, including any such confusion while the marks have been in concurrent use (since 1984). See 476 F.2d at 1361, 177 USPQ at 567. Thus, appellant has presented no reason why we should overturn the board's result that confusion is not likely.